## THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* FIELDS.

A stipulation in an agreement to subscribe for shares in the capital stock of a corporation to the effect that the installments, when collected, are to be applied in a certain way, constitutes no condition to their payment. The stock itself, is the only consideration of the agreement, and the subscription is absolute.

In a suit upon such an agreement, an answer setting up a contemporaneous verbal agreement varying its terms, is bad on demurrer.

Though a conditional subscription may be admitted, yet private arrangements, not expressed in the subscription, between an agent of a company and a subscriber, by which he is to have peculiar privileges not extended to other subscribers, or by which his subscription is not to be collected,—being made to induce others to subscribe,—are regarded as fraudulent on other subscribers, and are no defense to a suit for the amount subscribed.

A party is presumed to know the contents of an instrument which he signs, and has, therefore, no right to rely upon the statements of the other party as to its legal effect.

May Term,
1858.

THE NEW AL-
BANY, &C.,
RAILR'D CO.
v.
FIELDS.

Thursday,
May 27.

APPEAL from the *Morgan* Court of Common Pleas. DAVISON, J.—This was an action by the railroad company against *Fields*, upon an agreement in writing. The agreement is as follows:

" We, the subscribers, agree to take the number of shares, of 50 dollars each, annexed to our names, in the capital stock of the *New Albany and Salem Railroad Company*, for the purpose of extending said road from *Gosport* to *Indianapolis*, by the river route, through *Mooresville*, and pay for the same in installments of three dollars and 33 and one-third cents per share every two months—the first installment to be due and payable on the first of *September*, 1851, and a similar installment every two months, until the whole is paid. *Rockingham, May* the 3d, 1851.

| Subscribers' Names. | Number of Shares. | Amount. |
| --- | --- | --- |
| *Henry Fields.* | One. | 50 dollars. |

The complaint avers that fifteen installments of the amount subscribed, making the aggregate sum of 50 dollars, are due and unpaid, &c., wherefore, &c.

The defendant's answer contains six paragraphs. Upon each of them, an issue of fact is taken; but as the evidence stated in the record applies mainly to the first and second, they alone will be noticed.

The first paragraph alleges that the plaintiffs had agreed to extend the *New Albany and Salem Railroad* from *Gosport* to *Indianapolis*, by the river route, through *Mooresville*, upon the condition that the citizens on the route would subscribe 100,000 dollars in the capital stock of the company, for the purpose aforesaid; and that when the contract sued on was executed, it was agreed that the same was not to bind the defendant, until he signed his name to the stock-books of the company; and further, that the agreement was not to be delivered to the plaintiffs, or be obligatory on the defendant, until the 100,000 dollars was subscribed. It is averred that the defendant has not signed his name to said stock-books, nor has the above amount been subscribed; but that the agreement was, without his consent, delivered to the plaintiffs, &c.

Second. At the time of the execution of the agreement,

May Term,
1858.

THE NEW AL-
BANY, &C.,
RAILR'D CO.
v.
FIELDS.

one *James Matthews*, an agent of the plaintiffs, represented to the defendant that there would be a railroad meeting at the town of *Rockingham*, on the 5th of *May*, 1851; that *James Brooks*, the president of the company, would be present, and wanted all who intended to subscribe for stock for the purpose of extending the road, &c., to attend the meeting, where books. would be opened for such subscription. That *Matthews* further represented that he wanted the defendant's name to the agreement, because it would induce others to subscribe, and if he would sign, his signature would not be binding, unless he attended said meeting and signed his name to the stock-books of the company; and that the defendant, relying upon said representations, which were false and fraudulent, and believing them to be true, did sign the agreement; but he avers that he did not attend the meeting, nor did he sign his name to the stockbooks of the company, &c.

To these paragraphs, the plaintiffs demurred; but their demurrers were overruled. The Court tried the issues, and found for the defendant; and having refused a new trial, rendered judgment, &c.

Do the facts. stated in the defenses which we have noticed, bar the action? The solution of this inquiry decides the case.

It must be conceded that the purpose to which the installments, when collected, were to be applied, constitutes no condition to their payment. The entire consideration for the defendant's promise, was one share of the capital stock in the company; and it must be intended that he became a stockholder to that amount. Hence, the subscription before us, so far as it stipulates to pay, is absolute on its face. *The New Albany, &c., Railroad Co.* v. *Pickens*, 5 Ind. R. 247. And as the first defense sets up a contemporaneous verbal agreement varying the terms of the instrument in suit, we think the demurrer, as to that defense, should have been sustained. Indeed, this Court, upon a statement of facts in substance the same as those alleged in the defense, has often decided the point under consideration. 1 Blackf. 191, note.—5 *id.* 272.—7 *id.* 132.

May Term,
1858.

The New Al-
bany, &c.,
Railr'd Co.
v.
Fields.

Nor is the second defense at all available. A late writer on railroad law, says: "Notwithstanding conditional subscriptions may be admitted, yet private arrangements, not expressed in the subscription, between the agent of the company and a subscriber, by which he is to have peculiar privileges not extended to other subscribers, or by which his subscription is not to be collected, being made to induce others to subscribe, are regarded as fraudulent on other subscribers, and not a defense to a suit for the amount subscribed." Pierce on Am. Railroad Law, 73, 74. This exposition, it seems to us, is strictly correct, and when applied to the case at bar, is decisive. The representations set up in the defense, as relied on by the defendant, are obviously nothing more than private arrangements between him and the company's agent.

But there is still another reason why the attempted defense should not be allowed to defeat the action. A party is presumed to know the contents of the instrument which he signs, and has, therefore, no right to rely upon the statements of the other party as to its legal effect. *Russell* v. *Branham*, 8 Blackf. 277.—*Starr* v. *Bennett*, 5 Hill, 303.—*Clem* v. *Newcastle, &c., Railroad Co.*, 9 Ind. R. 488. In this instance, the agreement is very explicit. It binds the defendant, unconditionally, to pay each installment at a stated period. Hence, the verbal statement of the agent, that the defendant's signature would not be binding unless he attended the meeting and signed his name to the stock-books, must be held a mere representation, as to the legal effect of the subscription; and though false, it could not deceive the defendant, because the agreement to which he then subscribed his name binds him absolutely to pay the installments. The judgment should be reversed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*W. R. Harrison* and *J. W. Gordon*, for the appellants.