## SCOTT V. STATE.

1.  EVIDENCE:   *Parol testimony to prove judgment of justice.*

    A conviction of crime by the judgment of a justice of the peace, whose docket is in existence and accessible, cannot be proved by parol, nor by his report of convictions filed in the Clerk's office.   Such a judgment is provable only by producing the docket itself, or by a certified copy.

2.  PRACTICE IN SUPREME COURT:   *Exclusion of witness; Bill of exceptions.*

    Where evidence is ruled out on account of the subject matter offered to be proved, it is necessary to set out the proposed testimony in a bill of exceptions that the Supreme Court may judge whether it is relevant and material.   But when a witness is rejected on the ground of his legal disability to testify, the presumption is that he would have been rejected, no matter how important his evidence might have been; and the error will be considered, though his testimony is not set out.

3.  INSTRUCTIONS:   *As to assault with intent to kill.*

    On the trial of an indictment charging that the defendant assaulted B., with intent to kill and murder him, the court gave the following charge: "Before the jury can convict the defendant of an assault with intent to kill B., they must believe, beyond a reasonable doubt, that the defendant shot at B. with the feloneous intent to kill him, the said B.; and if the jury believe from the evidence that it was some one else other than B. at whom the defendant shot, or if they have a reasonable doubt as to whom the defendant intended to shoot, they will find defendant not guilty, unless they further find from the evidence that the defendant shot into the house of B., and into a crowd where he (B.) was at the time situated, without provocation, and when all the circumstances of the shooting show an abandoned and wicked disposition, and a reckless disregard of human life on the part of the defendant."   *Held:*   That the essence of the crime charged being the specific intent to take the life of B., the concluding part of the instruction was erroneous, as liable to mislead the jury into the belief that proof of the particular intent alleged could be dispensed with.

APPEAL from *Drew* Circuit Court.
C. D. WOOD, Judge

*W. H. Hyatt* and *David A. Gates* for appellant.

1.   The orders, judgments, etc., of justices are required by law to be kept in a docket. *Mansf. Dig., sec. 4032.*   They

are quasi-records, and can only be proven by the docket itself, or a certified copy. *2 Phil. Ev., ch. 3, sec. 1, pp. 141-2.*

Secondary evidence cannot be used where primary can be had. *1 Gr. Ev., secs. 513, 372; Wharton Cr. Law, vol. 2, secs. 659, 661; Phillips Ev., vol. 1, pp. 19-20.*

2. The indictment having charged that the assault was made with intent to kill Primus Bannister, it was necessary for the State to prove it, and proof of any kind of malicious and felonious assault upon any person, or wanton disregard of human life, was not sufficient. *34 Ark., 275; 1 Gr. Ev., part. 5, sec. 17.*

*Dan W. Jones*, Attorney General, for appellee.

1. The bill of exceptions fails to set out what the excluded witness would have testified, or that it would have benefited appellant. Nor does it appear that appellant was prejudiced by the exclusion of the witness. Besides, the testimony of Benton, as set out in the motion for new trial, was simply cumulative, and this court will not grant a new trial for the exclusion of evidence merely cumulative. *2 Ark., 33; 26 id., 490; 25 id., 89.*

2. Reviews the instructions, and contend that the issues were fairly submitted to the jury.

SMITH, J. On the trial of this indictment the defendant offered one Burton as a witness. The State objected to his being sworn, alleging that he had previously been convicted of petit larceny before a justice of the peace. The trial was stayed, and a *subpœna duces tecum* issued for the justice, who came, but did not bring his docket. The State was then permitted, over the objection of the defendant, to prove the conviction by parol testimony, and to read to the jury a document which purported to be, not an exemplification of the docket

entries made in the course of the prosecution, but a report of the convictions in his court, which he had before that time filed in the Clerk's office, as required by law.

**1. EVIDENCE:** Of conviction before justice.

This was error. The judgments and orders of a justice of the peace are kept in a docket. They are quasi-records, and provable only by the production of the docket itself, or by a certified copy. The record was in existence, and accessible. It therefore constituted the best evidence of the fact. *Mansf. Dig., secs. 2824, 4032; Gates v. Bennett, 33 Ark., 475; 1 Greenl. Ev., secs. 375, 513; 1 Phillips Ev., 4th Am. ed., with Cowan & Hill's notes, ch. 3, note 14; U. S. v. Biebusch, 1 McCrary, 42.*

**2. PRACTICE IN SUPREME COURT:** Exclusion of witness: Bill of exceptions.

The Attorney General suggests that, inasmuch as the bill of exceptions does not show what the testimony of this witness would have been, it does not appear that the defendant was prejudiced by his exclusion. Where evidence is ruled out on account of the subject matter offered to be proved, it is necessary to set out the proposed testimony in order that the court of errors may be able to judge whether it is relevant and material. But when a witness is rejected on the ground of his legal disability to testify in a court of justice, the presumption is he would have been rejected, no matter how important his evidence might have been. *Powell on Appellate Proceedings, chap. 5, sec. 12; State v. Jim, 3 Jones Law (N. C.), 348.*

The defendant was charged with an assault upon one Primus Bannister, with intent him (the said Primus) to kill and murder. It was proved that the defendant was on bad terms with Primus, and, also, with several members of his family, or inmates of his house; and that he repeatedly made threats against all of them. About 10 o'clock of an August night, when the moon was shining brightly, and while Primus and his family were sitting in an open hall of his house, the defendant was recognized in the act of creeping along a picket-fence, which ran a few yards from the house, with a double-barrel shot-gun in his hand. And when he came opposite the hall, he discharged

first one barrel and then the other, amongst the group of persons sitting there. Luckily no serious damage was done. The gun was loaded with squirrel shot, and the charge lodged in the house, although a few scattering shot took effect in the persons of some of the family. Primus was not hit.

Upon this state of proof the court gave the following charge :

"Before the jury can convict the defendant of an assault with intent to kill Primus Bannister they must believe, beyond a reasonable doubt, that the defendant shot at Primus Bannister, with the felonious intent to kill him, the said Primus Bannister ; and if the jury believe from the evidence that it was some one else other than Primus Bannister at whom the defendant shot, or if they have a reasonable doubt as to whom the defendant intended to shoot, they will find defendant not guilty, unless they further find from the evidence that the defendant shot into the house of Primus Bannister and into a crowd where he (Primus Bannister) was at the time situated, without provocation, and when all the circumstances of the shooting show an abandoned and wicked disposition, and a reckless disregard of human life upon the part of the defendant."

3. INSTRUC-
TIONS :
Assault with
intent to kill.

Doubtless shooting into a crowd is an assault upon each member of the crowd. *State v. Nash, 86 N. C., 650; State v. Meyers, 19 Iowa, 517; Smith v. Commonwealth, 100 Penn. St., 324.* And probably if the death of any individual results from such reckless conduct, it will be murder; the act being unlawful and the law implying malice, in the absence of circumstances reducing the offense to a lower grade. But the essence of the crime for which the prisoner was indicted was the specific intention to take the life of Primus Bannister. That intent was distinctly alleged; and evidence was offered from which the jury might infer it to have existed in the de-

fendant's mind. Having been alleged, it was necessary to prove it to the satisfaction of the jury.

And no general malevolence, malignity of disposition, or disregard of the sanctity of human life, would supply the place of such proof. *3 Green. Ev., sec. 17; Lacefield v. State, 34 Ark., 275; Commonwealth v. Harley, 7 Met., 506; Commonwealth v. Kellogg, 7 Cush., 477.*

It follows that the concluding portion of the charge quoted above was liable to mislead the jury into the belief that proof of the particular intent alleged could be dispensed with.

Reversed for a new trial.