## BISE VS UNITED STATES.

### Opinion delivered October 19, 1904.

1. *Receiving Stolen Property—Law Governing, in Indian Territory.*

> Act of Cong. March 1, 1895, puts in force in Indian Territory Chaps. 45 and 46 of Mansf. Dig. but also provides that where the laws of the United States and also of Arkansas have provided for punishment of the same offenses, the laws of the United States shall govern. *Held,* that Sec. 5357 Rev. Stat. U. S. defining crime of receiving stolen property and providing punishment for it, governs in Indian Territory.

2. *Receiving Stolen Property—Indictment—Sufficiency.*

> An indictment for receiving stolen property, failing to allege that defendant knew the property to be stolen, and that defendant received same with intent to deprive the owner of the use and benefit thereof, and that the property was stolen within the Indian Territory, sufficiently charges the crime under Sec. 5357 Rev. Stat. U. S.

3. *Witness—Convicted of Felony—Mode of Proof.*

> Where a witness is shown to have been convicted of a felony, by his own oral evidence on cross-examination, such fact goes only to discredit him, and does not disqualify him as an incompetent witness. For such purpose proof must be made by record of the conviction.

4. *Appeal—New Trial—On Ground of Surprise—Motion Must Show Diligence.*

> The refusal of the trial court to grant a new trial because of the admission of testimony by a witness who had been convicted of a felony on the ground that defendant was surprised by his being produced as witness, and therefore had no opportunity to obtain the record of his conviction, will not be considered on appeal when the motion fails to show any effort or diligence in attempting to secure such record.

5. *Evidence—Witness—Objection not Made on Trial—Not Considered on Appeal.*

An error assigned on the ground of improper admission of the testimony
of a witness because he was the same person jointly indicted under a
different name, with defendant, comes too late when no objection
was raised in the trial court.

Appeal from the United States Court for the Central
District.

William H. H. Clayton, Judge.

Scott Bise was convicted of receiving stolen property.
He appeals. Affirmed.

The appellant (defendant below) was on the 19th day of
May, 1903, convicted of receiving stolen property, and was
sentenced by the court to the penitentiary at Ft. Leavenworth
for the period of three years. From the judgment of conviction
this appeal was prosecuted.

Defendant was jointly indicted with Monroe Brannon and
Joe Brooks, and charged in two counts; the first count being for
the larceny of 13 head of cattle, of the value of $130, the property
of one James Eliff, on the ————— day of September, 1901,
within the Central District of Indian Territory. In the second
count the defendants are charged as follows: "That they, on the
18th day of September, 1901, within the Central District of the
Indian Territory, unlawfully, feloniously, and then and there
knowing the same to have been previously stolen, did receive the
following described property, to wit, thirteen head of cattle, each
of the value of ten dollars, and of the total value of one hundred
and thirty dollars, said property having been previously feloni-
ously stolen, taken, and carried away from one James Eliff, the
owner thereof, on or about the 17th day of September, 1901."
To this second count of the indictment the defendants filed

demurrer: First, that the indictment fails to state that the property was stolen within the Indian Territory; second, that the said second count does not show that the property was received without the consent of the owner; third, it does not allege that the property was received to deprive the owner thereof; fourth, it fails to state facts sufficient to constitute a public offense against the law. This demurrer was overruled by the court, to which ruling the defendants excepted. After arraignment of Brannon and Bise and plea of not guilty, defendant Monroe Brannon asked a severance, and elected to be tried first, and thereupon a nolle prosequi was entered in said cause as to defendant Monroe Brannon, and Scott Bise was put upon his trial, tried to a jury, and the jury returned a verdict thereupon on the 23d day of May, 1903, finding said defendant Scott Bise guilty in manner and form as charged in the second count of the indictment. Thereafter, and on said day, defendant Scott Bise filed his motion in arrest of judgment, as follows: ''Comes now the defendant in the above-entitled cause, and moves the court to arrest the judgment rendered herein against the defendant for the following reasons, to wit: Because the indictment returned by the grand jury against this defendant at the December term, 1901, of this court, is fatally defective for the following reasons, to wit: (1) Because the indictment on the second count for receiving stolen property does not state that the property alleged to have been received by the defendant was stolen within the jurisdiction of this court, or 'within the limits of the Indian Territory. (2) Because the indictment upon said count does not state that the defendant received said property without the consent of the owner of the same. (3) Because the indictment on said count does not show that the defendant received the property with the intent to deprive the owner of the use and benefit thereof. (4) Because the indictment does not allege that the defendant received the said property knowing it to be stolen, and concealed the same after receiving it, for the purpose of depriving the owner of

the use and benefit thereof. (5) Because the said count does not set up the name of the person from whom the property was received by the defendant." Which motion was on June 6, 1903, overruled by the court, defendant excepting. Defendant filed his motion for a new trial on the 6th day of June, 1903, which was overruled by the court, defendant excepting. Judgment was pronounced upon the verdict of the jury, and defendant appealed to this court.

*Wallace Wilkinson* and *Stuart & Gordon*, for appellant.

*J. H. Wilkins*, United States Attorney.

GILL, J. Defendant files three specifications of error, as follows: "(1) The court erred in not arresting the judgment in this case because the indictment fails to allege that the defendant received the property knowing it to be stolen, and selling the same, after receiving it, for the purpose of depriving the owner of the use and benefit thereof; and because the indictment did not show or charge that defendant received the property with intent to deprive the owner of the use and benefit thereof. (2) The court erred in permitting the witness Frank Bain to testify in this case, because said Bain admitted on cross-examination that he had been convicted of horse larceny; the defendant not being apprised of the fact that said Bain would be used as a witness on the trial of said cause, and therefore being unable to present to the court the record of conviction which he admitted. (3) The court erred in permitting Frank Bain, who was indicted jointly with the defendant under the name of Joe Brooks, to testify in this case, there being no severance in the case and no dismissal as to Bain or Brooks."

Defendant complains that the court erred in not arresting the judgment because the indictment fails to allege that the defendant received the property knowing it to be stolen. We find

upon examination that the prosecution instituted in this suit was not under section 1631 of Mansfield's Digest of the Laws of Arkansas (Ind. Ter. St. 1899, § 974), but that such prosecution was under section 5357 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3625), which provides as follows: "Every person who, upon the high seas, or in any place under the exclusive jurisdiction of the United States, buys, receives or conceals any money, goods, bank notes or other thing which may be subject of larceny, and which has been feloniously taken or stolen from any other person, knowing the same to have been taken or stolen, shall be punished," etc. That is to say, while this court held in Williams vs The United States, 4 Ind. Ter. Rep. 269 (69 S. W. 849), that under section 4 of the Act of March 1, 1895, c. 145, 28 Stat. 695, Congress intended to put in force and did put in force chapters 45 and 46 of Mansfield's Digest of the Laws of Arkansas (Ind. Ter. St. 1899, cc. 19, 20), and that such chapters are exclssive of all other laws, we also held that, where the laws of the United States have provided for the punishment of an offense, the latter will govern; and section 5357 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3625) provides for the crime, defining it, and also provides for the punishment, and is in full force and effect in the Indian Territory. See Harless vs The United States, 1 Ind. Ter. 456, 45 S. W. 133. The second count of the indictment in this case sufficiently charges the crime under said section of the Revised Statutes of the United States, and we do not find that there was error on the part of the court in overruling the motion to arrest the judgment.

But it is further urged that there was error in the court below because said court permitted one Frank Bain to testify in the case, said Bain having admitted on cross-examination that he had been convicted of horse larceny. An examination of defendant's motion for a new trial in this case shows that the de-

fendant sought to raise this point in the court below, but we do not think, as a matter of practice, that the question was properly presented. If this matter could be properly considered on the motion for a new trial by the court below, it must come under one or other of the even grounds for new trial presented in section 2297 of Mansfield's Digest (Ind. Ter. St. 1899, § 1640); that is, it must have been under the fifth clause, that the verdict was against the law or evidence, or it must have come under the sixth clause, that the defendant has discovered important evidence in his favor since the verdict. Let us examine whether or not it was contrary to law to permit Frank Bain to testify in this case, he having admitted on cross-examination that he had been convicted of horse larceny. Mr. Greenleaf, in section 375, vol. 1, of his invaluable work on Evidence, lays down the rule as follows: "It is the judgment, and that only, which is received as the legal and conclusive evidence of the party's guilt for the purpose of rendering him incompetent to testify. * * * If the guilt of the party should be shown by oral evidence, and even by his own admission (though in neither of these modes can it be proved if the evidence be objected to), or by his plea of guilty, which has not been followed by a judgment, the proof does not go to the competency of the witness, however it may affect his credibility. And the judgment itself, when offered against his admissibility, can be proved only by the record, or, in proper cases, by an authenticated copy, which the objector must offer and produce at the time when the witness is about to be sworn, or at farthest in the course of the trial." In Williams vs The United States, 1 Ind. Ter. 560, 45 S. W. 116, while the exact question here raised is not before the court, still the court uses the following language with reference to the requirements necessary to show conviction to disqualify a witness. There the question was as to the conviction of the principal upon the trial of an accessory, and the court says: "In this case, if it had been alleged and shown that the defendant was an accessory before the fact in the sense that

he, not being present, had advised and encouraged the perpetration of the crime, so that proof of the conviction of John Williams would have been competent, it would have been necessary for that purpose to have produced the record, or at least first to have shown its loss or destruction, before resorting to parol testimony." The case at bar is very different from that of asking the person whether or not he has been convicted of some crime, in order to discredit him before the jury. The rule in this territory is well established, and its reasons well stated in Oxier vs The United States, 1 Ind. Ter. 85, 38 S. W. 331. But in Arkansas the exact question raised by the appellant has been settled in favor of the rule above set out by Mr. Greenleaf. See Southern Insurance Company vs White, 58 Ark. 277, 24 S. W. 425; Scott vs State, 49 Ark. 156, 4 S. W. 750, and authorities there cited. From these authorities we must hold that there was no error of the court in permitting the testimony of Bain in this case upon merely his confession of conviction. The fact of conviction was before the jury for the purpose of discrediting his testimony, and that only.

Now, upon the other proposition—as to whether or not there was any record of conviction whatever in any court whatever—the mere statement by counsel in his motion for a new trial that the court erred in permitting Bain to testify because defendant did not know that he was to testify, and therefore had not time to produce the record of conviction, certainly cannot be, and is not, the proper practice in which to present questions of this kind to the court. No effort or diligence has been shown in any way, shape, or form by defendant to secure the record of conviction. No reason of any kind is assigned for such lack of effort. Had defendant secured an authenticated copy of the record of the conviction of Bain, and attached the same to his motion for a new trial, with—sufficient affidavit showing surprise and inability on his part to have secured such record by the time

of the trial, and presented the matter to the court below in this shape, the trial court might have seen the necessity of granting appellant's motion for a new trial upon this ground; but we are not called upon at this time to say whether refusal by the trial court, even under such circumstances, to grant a new trial, would be error, but we do say that in the present attitude of the question it is not properly before this court for review, and find no error in this assignment.

Appellant's third assignment is to this effect: That Frank Bain, under the alias of Joe Brooks, was jointly indicted with Bise and Brannon, and that Bain was permitted to testify in the case without his being discharged from the indictment. The record discloses that Scott Bise, Monroe Brannon, and Joe Brooks were jointly indicted. It is silent with reference to the arrest of any of the defendants, and shows that on May 18, 1903, Monroe Brannon and Scott Bise waived formal arraignment, and entered a plea of not guilty; that Monroe Brannon asked a severance in the case, and elected to be tried first, and that a nolle prosequi was entered as to him, and that Scott Bise was placed on trial. No mention whatever is made of Joe Brooks, nor is there any appearance as to him, nor arraignment of him, nor any objection to the court shown on the part of defendant to the disqualification of Frank Bain on the ground that he is the Joe Brooks named in the indictment. The testimony of Bain is to the effect that he went, a portion of his time, under the name of Joe Brooks, but that he never went under the name of Joe Brooks in the Central District; that he had never been arrested; that he did not know that there was an indictment against him; that he had information that a writ had issued for him a year or two before. The testimony of one of the witnesses was to the effect that he understood the defendant Joe Brooks named in the indictment and the witness Bain were one and the same person, but appellant at no time and in no place raised the question to

the trial court and objected to the testimony of Bain on the ground that he was the Joe Brooks named in the indictment until after the trial, and in his motion for a new trial; and it was then too late, if the question had merit, to present it to the trial court, and it certainly cannot be presented under these circumstances in this court as error.

We have examined the charge of the court, and have examined minutely the evidence in this case, and, being satisfied that no injustice in any way has been inflicted upon the defendant, but, on the contrary, that the law has been vindicated in his conviction, we therefore affirm the judgment of the lower court.

Affirmed.

RAYMOND, C. J., and TOWNSEND, J., concur.