## BISE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 23, 1906.)

No. 2,203.

1. RECEIVING STOLEN GOODS—CRIMINAL INTENT—SUFFICIENCY OF INDICTMENT UNDER SECTION 5357, REV. ST.

Under ·section 5357 of the Revised Statutes [U. S. Comp. St. 1901. p. 3639], providing for the punishment of one who receives property, which has been feloniously taken or stolen from another, knowing the same to have been taken or stolen, it is not essential to allege in the indictment that the property was received without the consent of the owner or with intent to deprive him of its use and benefit, the criminal intent and evil purpose of the receiver being sufficiently alleged where his act is characterized as unlawful and felonious. ·

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Receiving Stolen Goods, § 10.]

2. WITNESSES—INCOMPETENCY—PRIOR CONVICTION CAN BE SHOWN ONLY BY RECORD OR EXEMPLIFIED COPY.

In the absence of a controlling statute on the subject, the incompetency of a witness by reason of his prior conviction of a felony cannot be shown upon his examination, but only by the production of the record or an exemplified copy of it.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 1161, 1162.]

3. SAME—INCOMPETENCY OF CODEFENDANT—WAIVER IF OBJECTION IS NOT MADE.

Where no objection to the testimony of a codefendant on the ground of his incompetency as a witness is made when he is sworn or at any time during the trial, the objection is waived.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 1629; vol. 50, Cent. Dig. Witnesses, §§ 190–192.]

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

C. B. Stuart and J. H. Gordon, for plaintiff in error.

Charles C. Houpt, U. S. Atty.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

VAN DEVANTER, Circuit Judge. The plaintiff in error was tried and convicted in the United States Court for the Central District of the Indian Territory under section 5337, Rev. St. [U. S. Comp. St. 1901, p. 3639], upon an indictment charging that he "unlawfully, feloniously, and then and there knowing the same to have been previously stolen," did receive certain cattle theretofore feloniously stolen and taken from one James Eliff, the owner. On appeal to the Court of Appeals of the Indian Territory the judgment was affirmed (83 S. W. 921), and the case is now here on a writ of error to that court.

It is complained that the trial court erroneously overruled a demurrer, and also a motion in arrest of judgment, challenging the sufficiency of the indictment on the ground that it was not therein alleged that the stolen property was received without the consent of the owner or with intent to deprive him of its use and benefit. The complaint cannot be sustained. The statute defining the offense does not in terms make it an element thereof that the stolen property shall be received without the consent of the owner or with intent to deprive him of its use and benefit; and, while the statute is manifestly not designed to punish one who with lawful intent receives stolen property, as where he receives it with the consent of the owner, or for his use and benefit, we think the words "unlawfully, feloniously" as used in the indictment mean that the act which they characterize proceeded from a criminal intent and evil purpose and thus exclude all color of right and excuse for the act. 1 Bishop, New Cr. Proc. § 503; People v. Johnson, 1 Parker, Cr. R. (N. Y.) 564; People v. Hartwell, 166 N. Y. 361, 366, 59 N. E. 929; Gandolpho v. State, 33 Ind. 439; Stropes v. State, 120 Ind. 562, 22 N. E. 773; State v. Bush (Kan.) 27 Pac. 834, 13 L. R. A. 607. The indictment conforms to precedents given in standard works. 3 Chitty, Cr. L. *981; 2 Archbold's Cr. Pr. & Pl. *475; 1 Wharton's Prec. (4th Ed.) 450.

At the trial the plaintiff in error sought to show in the examination of one of the government's witnesses that the witness had been convicted of a felony. Objection being made to this line of examination, the court inquired whether it was for the purpose of impeachment or disqualification, and, upon receiving an answer that it was for the purpose of disqualification, ruled that to disqualify the witness it was necessary to produce the record of the conviction or an exemplified copy of it. Complaint is made of this ruling. The question is one in respect of which the decisions have not been uniform and this has led to the enactment of statutes upon the subject in several of the states. 2 Wigmore on Evidence, § 1270. No controlling statute applicable to the Indian Territory has been called to our attention, and,

in the absence of one, we think the ruling of the trial court is sustained by the better reason and authority. Prof. Greenleaf says:

"It is the judgment, and that only, which is received as the legal and conclusive evidence of the party's guilt, for the purpose of rendering him incompetent to testify. And it must appear that the judgment was rendered by a court of competent jurisdiction. Judgment of outlawry, for treason or felony, will have the same effect; for the party, in submitting to an outlawry, virtually confesses his guilt; and so the record is equivalent to a judgment upon confession. If the guilt of the party should be shown by oral evidence, and even by his own admission [though in neither of these modes can it be proved, if the evidence be objected to], or, by his plea of 'guilty' which has not been followed by a judgment, the proof does not go to the competency of the witness, however it may affect his credibility. And the judgment itself, when offered against his admissibility, can be proved only by the record, or, in proper cases, by an authenticated copy, which the objector must offer and produce at the time when the witness is about to be sworn, or at farthest in the course of the trial." 1 Greenleaf on Ev. (14th Ed.) § 375; Id. § 457.

To the same effect are Wharton, Cr. Ev. (9th Ed.) §§ 153, 474, 489; United States v. Biebush, 1 McCrary, 42, 1 Fed. 213; United States v. Woods, 28 Fed. Cas. 762; Commonwealth v. Green, 17 Mass. 515, 536; Commonwealth v. Quin, 5 Gray (Mass.) 478; Insurance Co. v. White, 58 Ark. 277, 24 S. W. 425; Vance v. State, 70 Ark. 272, 280, 287, 68 S. W. 37; Clement v. Brooks, 13 N. H. 92, 98; Johnson v. State, 48 Ga. 116; People v. Whipple, 9 Cow. (N. Y.) 707; People v. Herrick, 13 Johns. (N. Y.) 82, 7 Am. Dec. 364; Hilts v. Colvin, 14 Johns. (N. Y.) 182.

A codefendant of the plaintiff in error not then on trial testified as a witness for the government without being first discharged from the indictment. This it is urged was in contravention of a statute of Arkansas made applicable to the Indian Territory by an act of Congress. But however that may be, the objection was not made when the witness was sworn nor at any time during the trial, and it must therefore be held that the plaintiff in error acquiesced in what was done, and waived the question of the competency of the witness. Rodriguez v. United States, 198 U. S. 156, 165, 25 Sup. Ct. 617, 49 L. Ed. 994.

As no error is disclosed by the record, the judgment is affirmed.