## McKINNON v. LIVELY et al.

No. 1494. Opinion Filed March 12, 1912.

(122 Pac. 124.)

**WITNESSES**—Criminal Law—Cross-Examination—Impeachment. Where, on cross-examination in a replevin suit, plaintiff was compelled to answer, over objection, that he stood indicted for perjury, **held**, that the error of the court violated his right to a fair trial. **Held**, further, that the sting of the error was not removed when he testified on re-examination that he had been informed through his counsel by the county attorney that there was nothing in that case, and that the county attorney would dismiss it.

(Syllabus by the Court.)

McKinnon v. Lively et al.

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by G. G. McKinnon against Wheeler Lively and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*J. S. Garrison* and *J. B. Thompson,* for plaintiff in error.

*O. W. Patchell, Marion Henderson,* and *F. E. Rice,* for defendants in error.

TURNER, C. J. This is an action in replevin originally brought by G. G. McKinnon, plaintiff in error, against Wheeler Lively and Tom Lively, defendants in error, before a United States Commissioner for the Southern District, Indian Territory, to recover two hogs. There was trial to a jury and judgment for McKinnon and an appeal by defendants to the United States Court for the Indian Territory at Pauls Valley, where the cause was pending on the advent of statehood. After transfer thereof to the district court of Garvin county, the proceedings were such as to result in a mistrial. On March 12, 1909, there was trial to a jury and judgment for defendants, and plaintiff brings the case here.

The error complained of is that the court erred in admitting incompetent evidence over objection. The ruling of the court complained of is specifically that plaintiff was compelled to answer on cross-examination certain questions, among which were:

"Hadn't he had a number of lawsuits since he had been in the country? How many lawsuits he had in the courts now? If he had not had some lawsuits over at Wallville? If he didn't have some criminal cases pending in the court now? If he wasn't under indictment now, and to state what he was indicted for; and, when the witness answered that it was for perjury, counsel then asked if that indictment didn't grow out of a lawsuit. If he hadn't been run off from the country where he lived prior to moving to this country? If he wasn't a court citizen; or, in other words, if he did not establish his right to citizenship through the courts; and if that didn't occur by reason of his running away? If he hadn't been charged with murder, and if there had been a year since he lived in the Chickasaw Nation that he hadn't had a lawsuit."

This was an abuse of defendants' right of cross-examination and deprived plaintiff of his right to a fair trial. The cause having met with one mistrial in the district court, standing thus on an equipoise, we can readily see how the testimony of the plaintiff was in a measure discredited when he was compelled to answer on cross-examination that he was then under indictment for perjury. By thus discrediting plaintiff, presumably a principal witness, since the case turned upon the identity of the hogs, we can readily see how this kind of testimony might so affect his credibility as to unjustly tip the scales in favor of defendant.

In *Slater v. United States,* 1 Okla. Cr. 275, 98 Pac. 110, held, that for the purpose of affecting the credibility of witnesses it was improper to ask one on cross-examination if he had been indicted, arrested, or imprisoned, before conviction, for any offense whatever. Quoting approvingly from *Glover v. United States,* 147 Fed. 429, 77 C. C. A. 454, 8 Ann. Cas. 1184, the court, speaking to the subject of cross-examination, said:

"Whatever may be the limit in this respect, nothing short of a conviction of a crime is admissible for the purpose of impeachment. A mere accusation or indictment will not be admitted for the reason that innocent men are often arrested charged with a criminal offense. 1 Greenleaf on Evidence (16th Ed.) 461b, 461c, pp. 579, 580. The proper evidence of a conviction of a crime is the record thereof. See *Baltimore & Ohio Railroad Company v. Rambo,* 59 Fed. 75-80, 8 C. C. A. 6; *Bise v. United States* (recently decided by this court) 144 Fed. 374, 74 C. C. A. 1 [7 Ann. Cas. 165]. The practice of proving the former conviction by cross-examination is recognized in many states, usually by statute, and occasionally by judicial decisions. 1 Greenleaf on Evidence (16th Ed.) par. 461b, note 8. But where this practice is recognized, the proper question would be as to whether or not the being interrogated had been convicted of a crime, and not whether he had been arrested or indicted."

To the same effect is the case of *Van Bokkelen v. Berdell,* 130 N. Y. 141, 29 N. E. 254. There the court said:

"The defendant, upon his cross-examination, was asked if he was under indictment for perjury. This question was objected to, the objection overruled, and an exception taken. He was compelled to answer that he had been told so, but that he had not seen the papers. While a witness may be discredited by showing

his conviction for an offense, we do not understand it to be competent to discredit him by showing that he has been indicted"—citing a number of New York cases.

This error of the court was not cured when on re-examination plaintiff testified that he had been informed through his counsel by the county attorney that there was nothing in that case and that the county attorney would dismiss it. This for the reason that it was plain to see the sting of the error was not thereby entirely removed. This should have been done as indicated in *City of Shawnee v. Sparks,* 26 Okla. 655, 110 Pac. 884, where we said, in effect, that the retraction of counsel and an instruction of the court to disregard the objectionable matter would have been proper. This was not done or attempted. The fact that the prosecution for perjury was still pending and might or might not be dismissed by the county attorney was not removed by this testimony from the minds of the jury.

While we are loath to reverse this case, pending as it has been for some time, yet, plaintiff being entitled to a fair trial in the assertion of his rights to the property in question, and it being our duty to see that he gets it, the case is reversed and remanded for that purpose.

HAYES, KANE, and DUNN, JJ., concur; WILLIAMS, J., absent and not participating.