UNION MARINE INSURANCE COMPANY v. HIGH.

Opinion delivered April 10, 1922.

INSURANCE—BREACH OF PROMISSORY WARRANTY TO KEEP FIRE EXTIN-
GUISHER.—Where an automobile insurance policy, in consideration
of a reduction in the premium, stipulated that a' fire extinguisher
would be kept on the automobile insured, and a fire destroyed the
automobile where no extinguisher was on it, the extinguisher
having been exhausted at a fire two weeks previously, there was
a breach of a promissory warranty, which avoided the policy,
though there was evidence that the loss would have occurred had
the extinguisher been on the car.

Appeal from Pulaski Circuit Court, Second Division;
*Guy Fulk*, Judge; reversed.

*McMillen & Scott*, for appellants.

The undisputed testimony shows that appellee is
not entitled to recover. The court should have di-
rected a verdict for the insurance company. There was
not only no substantial compliance, but no compliance at
all, on the part of the insured, with the contract.    57
Ark. 279; 58 *Id.* 277; 83 *Id.* 126.

*Chas. A. Walls*, for appellee.

A substantial compliance with the contract was
all that was required. C. & M. Digest, § 6148; 85 Ark. 33.

The proof is that, had the fire extinguisher been
filled and on the car, it could not have extinguished the
fire.    104 Ala. 176.

*Melbourne M. Martin*, for cross-appellant, Yale
Automobile Company.

SMITH, J. This is a suit on a fire insurance policy
covering an automobile and containing the following re-
cital: "In consideration of the reduction in premium
granted under this policy, it is made a condition thereof
that the insured will at all times during the life of this
policy carry on the automobile insured, in a readily ac-
cessible place, at least one fire extinquisher known as
Pyrene, approved by the Underwriters' Laboratories of
the National Board of Fire Underwriters, and bearing
their label; and that the insured will use due diligence

to maintain the said fire extinguisher in full and complete working order during the life of this policy.''

The owner of the car equipped it with an extinguisher, which he exhausted in extinguishing a fire in his car on or about December 21st. Later, on the 1st or the 4th of January, the car again caught fire, and on this occasion was destroyed. At that time there was no extinguisher in the car, which failure the owner explained by saying that he had tried to have the extinguisher recharged at his home (Lonoke), but there was no one there to do the work. Someone told him to bring or send the car to Little Rock and have the extinguisher recharged, but he had no way to bring or send it to Little Rock after his first fire. He also testified that the fire was of such a character that it could not have been extinguished, even if he had had an extinguisher.

An instruction was given which told the jury that if the extinguisher had been provided and exhausted in extinguishing a fire, and that the owner had thereafter ''exhausted every effort to have it refilled and could not by said efforts have said extinguisher ready to use at the time of the fire,'' to find for the owner, although there was no extinguisher on the car when the fire occurred.

Another instruction told the jury that if ''the fire which destroyed the car was beyond control of the party when it was discovered, and that the fire extinguisher could not have extinguished the flame had it been attached to the car at the time the fire was discovered, and that the fire could not have been put out and the car saved by the use of the extinguisher, had it been attached to the car,'' to find for the plaintiff, if the jury also found that every effort had been made to have the extinguisher refilled.

There was a verdict and judgment for the plaintiff, and the insurance company has appealed.

It is insisted that there was a substantial compliance with the provision of the policy set out above requiring that a fire extinguisher be carried on the car, and that the instructions set out above properly submitted to the

jury the question of substantial compliance. We do not think so. In our opinion no case was made for the jury, and the verdict should have been directed in favor of the insurance company.

It does not appear what use the owner had made of the car between the date of the first fire and that of the second. He had completed the journey during which the first fire occurred. He had taken the car home, and an interval of from ten days to two weeks intervened after he had exhausted his extinguisher by use in extinguishing a fire before the second fire occurred. His use of the car after the first fire was purely voluntary and in violation of the requirement that it should be equipped with an extinguisher.

In the case of *Mechanics' Insurance Co.* v. *Thompson*, 57 Ark. 279, the policy sued on made the application for insurance a part thereof and a warranty, and the following question and answer appear in the application: "Will you agree as a condition of this insurance to keep in the same room, and within ten feet of the gin-stand, one barrel full of water and two buckets?" Answer: "Yes." Construing this question and answer, Judge BATTLE, for the court, there said: "The object of the second agreement or warranty is apparent. The barrel of water and two buckets were evidently required to be kept within ten feet of the gin-stand for the purpose of being promptly used in extinguishing any fire that might originate in or at the gin-stand. The terms of the agreement necessarily imply that the water and buckets should have been at all time readily accessible. Its purpose could not have been subserved in any other manner. The barrel within ten feet of the gin-stand was not readily accessible. It was not known where the buckets were on the night of the fire. The assured therefore failed to perform the second agreement." For the failure to keep this promissory warranty the judgment against the insurance company was reversed.

At section 316 of the article on Fire Insurance in 26 C. J., p. 248, it is said: "In the absence of a stipula-

tion in the policy the fact that there was not a constant and ever ready water supply and appliances for the extinguishment of fires will not relieve insurer from liability; and a stipulation to maintain such equipment during the life of the policy cannot be implied from the fact that it is described as a part of the property insured. But if it is provided that the premises shall be so equipped, a failure to comply with the provision will avoid the policy. Such provisions, if inserted in the policy or properly referred to therein, are generally regarded as promissory warranties. But a statement as to fire appliances not clearly made a warranty is a representation only, and is governed by the principles relating to representations generally." See cases cited in note to the text quoted; and see, also, 2 Clement on Fire Ins. p. 62; 3 Joyce on Fire Ins., sec. 1970; 1 May on Fire Ins., sec. 157; *Southern Ins. Co. v. White,* 58 Ark. 277.

It having been agreed, in consideration of a reduced premium, that a fire extinguisher should be carried on the car, this agreement became a promissory warranty, and it was breached when a voluntary use of the car was made without that equipment.

Nor is it important that the fire might not have been extinguished had the extinguisher been provided. There is no question in this case of the sufficiency of the extinguisher, as there was no extinguisher of any kind on the car when it burned. The insurance company had contracted for a certain protection, to which it was entitled, whether efficacious under all conditions or not. The failure to furnish this protection was a breach of the warranty and avoided the contract.

The judgment will therefore be reversed, and the cause dismissed.