[Civ. No. 2460. Third Appellate District.—April 12, 1922.]

## CHESTER W. MESSICK, Petitioner, v. THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent.

[1] CRIMINAL LAW — WILLFUL TRESPASS — DESTRUCTION OF FENCE — MALICE—SUFFICIENCY OF COMPLAINT.—A complaint charging that the defendant "did, at and in the county and state aforesaid willfully and unlawfully open, tear down and destroy a fence on the inclosed land of another, to-wit, a line fence" between the lands of the defendant and that of another person named, sufficiently charges the offense comprehended by subdivision 8 of section 602 of the Penal Code, and such complaint is not rendered insufficient by reason of the fact that it is not alleged that the act was done maliciously.

[2] ID.—INTENT IMPLIED FROM MALICE—EQUIVALENT PLEADING.—The word "malice" implies "an intent to do a wrongful act," and an allegation that the act of the defendant was done "willfully and unlawfully" is equivalent to an allegation that the act was done with such intent.

PROCEEDING in Certiorari to review a judgment finding petitioner guilty of willful trespass. Alternative writ discharged and peremptory writ denied.

The facts are stated in the opinion of the court.

---

2. Meaning of word "malicious" in statutes defining offenses, notes, 1 Ann. Cas. 494; 16 Ann. Cas. 336.

Walter F. Lynch for Petitioner.

Edward Van Vranken for Respondent.

BURNETT, J.—Petitioner was convicted in the justice court of Douglas township, county of San Joaquin, of the offense charged in a complaint as follows:

"The said Chester W. Messick did, at and in the county and state aforesaid willfully and unlawfully open, tear down and destroy a fence on the inclosed land of another, to-wit, a line fence between the lands of Chester W. Messick and one Edward J. Hughes, situate, lying and being in the Northwest one-quarter of section 3, Township 2 North, Range 8 East, Mount Diablo Base and Meridian."

[1] He was sentenced to pay a fine of fifty dollars and in case of default in the payment to be imprisoned in the county jail until the fine should be satisfied at the rate of two dollars per day. He appealed upon questions of law alone to the superior court of said county wherein the judgment was affirmed. Thereafter he petitioned this court for a writ of *certiorari,* claiming that no offense was stated in said complaint by reason of the failure to allege that the act was done maliciously. It is to be observed that the charge is in the language of subdivision 8 of section 602 of the Penal Code as amended in 1917 (Stats. 1917, p. 319), but it is the claim of petitioner that the "head-note to the section [malicious injury to freehold], must be deemed a part of the substance of the act and accorded the same effect as though written into the body of the law." This is a rule of general application recognized by the authorities, and ordinarily there is no question about its pertinency in order to determine the intention of the legislature, but herein there are nine subdivisions of said section embracing various acts, some of which are not injuries to the freehold at all; and it may be doubted whether the said head-note was intended to be anything more than an arbitrary generalization of the scope of the section. It is not unreasonable to say that what the legislature meant is that the various acts enumerated should be deemed equivalent to a "malicious injury" to the freehold, and to charge said offense it would be sufficient to follow the language of the particular subdivision under which the case

should fall. Some of these acts, indeed, were assuredly intended to be penalized although not done *maliciously,* such as, "entering any inclosure belonging to, or occupied by another for the purpose of hunting, shooting, killing or destroying any kind of game within such inclosure without having obtained permission from the owner of such inclosure." It is proper to observe, also, that in only one of these various subdivisions is the term "maliciously" employed to characterize the offense, and from this, under a familiar rule of construction, it might be plausibly argued that it was not intended as a qualification of the other acts.

The true situation seems to be that every material element of the crime committed by petitioner is comprehended by this express language of said section: "Every person who willfully commits any trespass by . . . willfully opening, tearing down, or otherwise destroying any fence on the inclosed land of another . . . is guilty of a misdemeanor," and it is sufficient by appropriate allegations in the complaint to set forth that condition.

[2] This was assuredly done, but, if it be conceded that malice is a material element in the charge, then such requirement is satisfied by the terms that were employed in the complaint. The word "malice" implies "an intent to do a wrongful act." (Subd. 4, sec. 7, Pen. Code; *People* v. *Ah Toon,* 68 Cal. 326 [9 Pac. 311].) The expressions "willfully and unlawfully" used in the complaint are equivalent to an allegation that the act was done with such intent. It was so expressly held in the matter of *Application of Ahart,* 172 Cal. 762 [159 Pac. 160], wherein it is said: "Turning next to the complaint: It alleges that the defendant 'willfully and unlawfully' transported the intoxicants. 'Willfully,' of course, imports no more than a design to do the specific act. But the charge is also that the act of transportation was unlawfully performed. This employment of the word is not merely epithetical but is sufficient to charge the defendant with the performance of this act with a wrongful intent, and is thus sufficient to justify his being placed upon trial."

In *Bise* v. *United States,* 144 Fed. 374 [7 Ann. Cas. 165, 74 C. C. A. 1], it was declared by the circuit court of appeals, eighth circuit, that the words, "unlawfully and

feloniously'' mean ''that the act which they characterize proceeded from a criminal intent and evil purpose and thus exclude all color of right and excuse for the act''; citing cases.

Petitioner refers to certain decisions from other jurisdictions apparently in conflict with the foregoing but they are not controlling herein. As the question was directly decided by the highest court of this state in the Ahart matter it is unnecessary to discuss the subject further.

The alternative writ is discharged and the peremptory writ denied.

Hart, J., and Finch, P. J., concurred.