## JAMES RICHARDSON *vs.* ELIAS MILBURN.

The rule which requires the *best* evidence to be adduced, to prove the fact sought to be established, and which excludes *secondary* evidence, relates not to the *measure* and *quantity* of evidence, but to the *quality*.

When there is no substitution of evidence, but only a selection of weaker for stronger proofs, or an omission to supply all the proofs capable of being produced, the rule is not infringed.

The fact that a surveyor ran a certain line in a certain locality, and on a particular side of a certain fence, may be proved as well by one who saw him do it, as by the surveyor himself; the evidence of each, to this fact, is of the same *quality*.

Where testimony may, of itself, be weak and inconclusive, yet if it is de-
rived from a legal source, and is pertinent to the issue, it should be al-
lowed to go to the jury in connection with the other evidence in the
cause.

APPEAL from the Circuit Court for St. Mary's county.

*Trespass quare clausum fregit,* brought on the 20th of
February 1854, by the appellee against the appellant. The
declaration charges that the defendant broke and entered the
plaintiff's close, called "Poplar Neck," and threw down,
carried away and converted to his own use the gates, fences
and division fences of the plaintiff, in consequence whereof
the cattle of divers persons entered and injured the plaintiff's
crops. Plea, *non cul.* This is the second appeal in this case,
the first being reported in 11 *Md. Rep.,* 340.

*Exception.* The plaintiff proved that the fence in dispute,
before its removal, stood upon the bank of a ditch, which ex-
tended along the whole line of the fence; that the bank of
this ditch was on the side of Milburn's land, and that Mil-
burn had always used and cultivated up to the fence since
1841; that in 1835, Milburn had hauled the rails and put up
the very fence alleged to have been moved; that the field
outside of this fence was uncultivated and in common; that
the fence in question only enclosed the land of Milburn, un-
til a few years before the bringing of this suit, when the de-
fendant ran a fence around his field, and joined it to said
fence; that the fence in dispute had, for fifteen or sixteen
years before the bringing of this suit, been kept up entirely
by Milburn, who was a tenant upon the land on which he
claims the fence in dispute to have stood, until the fall of
1848, when he purchased it.

The plaintiff then offered to prove by Drury, a competent
witness, and the owner, in 1847, of the land now owned by
Milburn, and who has no interest in any way in the event of
this suit, that in 1847, he, Drury, understanding a survey
was going on, went to the fence now in dispute, and, when
he reached there, he found only the defendant and Tippett,
the surveyor of the county; that he, witness, had not sent
for or employed Tippett, the surveyor; that soon after he

reached there, Tippett, the surveyor, ran a line by his compass and chain, beginning at a stone above the end of the fence in controversy, and ran to the bay side; that the line thus run, threw the entire fence in dispute on the land then owned by witness, and now owned by the plaintiff; that the line so run was a few yards from the fence, and on the land then and now owned by the defendant; that Tippett, the surveyor, is now alive, and residing in St. Mary's county; that the whole of said line was run in the presence of Richardson.

The defendant objected to the testimony so offered of Drury, but the court (CRAIN, J.) overruled the objection, and permitted the evidence to go to the jury, to be weighed by them in connection with the other evidence offered, to prove ownership of the fence, but not to prove any location of the land. To this ruling of the court the defendant excepted, and the verdict and judgment being against him, appealed.

The cause was argued before TUCK, BARTOL and GOLDSBOROUGH, J.

*Frank H. Stockett*, for the appellant, argued that the testimony was inadmissible:

1st. Because the surveyor, Tippett, who is alleged to have made the survey, and who was proved to have been alive, was the proper person to have testified to the same. 1 *H. & J.*, 153, *Lowes vs. Holbrook.* 1 *Greenlf's Ev.*, sec. 82.

2nd. Because it was in the nature of hearsay testimony, and was, on this ground, inadmissible.

3rd. Because the same was secondary in its nature, and could not have been admitted whilst better testimony was in reach of the plaintiff. 1 *Greenlf's Ev.*, secs. 82, 84.

4th. Because, if otherwise unobjectionable, this testimony was too vague and indefinite in its character to be submitted to the jury for any purpose.

*Oliver Miller* and *A. B. Hagner*, for the appellee, argued:

1st. That the evidence, for the purpose for which it was

offered and admitted, viz., to prove the ownership of the fence, but not to prove any location of the land, was clearly admissible. The fact that the line was so run in the presence of the defendant, without objection on his part, was clearly an admission by him that the fence was not on his land, but was on the land of the plaintiff, and that it belonged to the latter—that he had a possessory right to it.

2nd. That if the *fact* that the line was so run in the presence of the defendant, was admissible evidence, in connection with the other facts in the case, to prove ownership of the fence, there can be no valid objection that it was not proved by the surveyor. It is neither hearsay nor secondary evidence, nor even the selection of weaker instead of stronger proof, which would be allowable. 1 *Greenlf's Ev.*, sec. 82. What was done by the surveyor, viz., that he ran a line on the side of a particular fence, can be proved as a fact as well by one who saw him do it as by the surveyor himself.

BARTOL, J., delivered the opinion of this court.

The only question presented by this appeal, arises upon the objection of the appellant (who was the defendant below) to the testimony of the witness Drury.

The facts deposed to by the witness, and the purpose for which they were admitted, as well as the nature and history of the case, will be found fully stated *ante* 68, 69.

It is contended that the testimony ought to have been excluded: first, because it was not the *best* evidence of the fact sought to be established; and secondly, because it was too vague and indefinite in its character to be submitted to the jury for any purpose. A brief examination of these objections will show that they ought not to be sustained.

The rule which requires that the *best* evidence must be adduced to prove the fact sought to be established, and which excludes *secondary* evidence, is often misunderstood, and, in our opinion, has been misapplied by the appellant in the argument of this case.

"The rule relates not to the *measure* and quantity of evidence, but to the quality. It is not necessary to give the

Richardson *vs.* Milburn.

fullest proof of which a fact may admit." *Powell on Ev.,* 40, (96 *Law Lib.*)

" The rule does not operate in any case to *exclude* evidence merely because it is not all, nor the most satisfactory, which might be adduced, when the evidence which is offered, and that which is withheld, is all of the same quality or grade." See 1 *Phil. Ev.,* 568, *note,* and the authorities there referred to. On page 570, the author says: " Where there is no substitution of evidence, but only a selection of weaker for stronger proofs, or an omission to supply all the proofs capable of being produced, the rule is not infringed."

These citations sufficiently explain the import and nature of the rule we are considering, and furnish a conclusive answer to the first objection of the appellant. In the case before us, it cannot be said that the surveyor was the only *competent* witness to prove the fact testified to by Drury. The fact deposed to, occurred in the presence of the witness; if admissible at all, Drury was as competent to prove it as the surveyor would have been; the testimony of the latter might have been more conclusive or satisfactory, but it was of the same *quality*. The evidence received was not secondary or substitutional, in the sense in which such evidence is to be excluded, nor was it in any sense *hearsay* evidence.

We think there is some force in the other objection to Drury's evidence, on the ground of its vague and indefinite character. But considering it in connection with the other testimony in the cause, we are of opinion that it was properly allowed to go to the jury, for the purpose stated by the judge. Although, of itself, it may have been weak and inconclusive, yet being derived from a legal source, and pertinent to the issue, the jury was the proper tribunal to pass upon it.

*Judgment affirmed.*

(Decided March 26th, 1861.)