FARLEY *v.* THE STATE.

CRIMINAL LAW.—*Evidence.*—*Impeaching Witness.*—Where no evidence has been introduced in support of the general moral character of the defendant in a criminal cause, it is error to allow counsel for the State, in cross-examining the defendant while testifying as a witness, to ask him whether he had ever been convicted of a crime.

SAME.—A witness in a criminal prosecution can not be impeached by evidence as to his general moral character.

SAME.—*Parol Evidence of Record.*—A judgment of conviction of a crime can not be established by parol evidence.

SAME.—*Larceny.—Receiving Stolen Goods.—Evidence.*—On the trial of a defendant indicted for the larceny of a chattel, and for receiving such chattel feloniously, it is error to exclude a bill of sale of the chattel, executed to the defendant by another, offered in evidence by the defendant.

SAME.—*Recalling Jury.—Additional Instructions to Jury.*—At the request of the jury trying a criminal cause, the court may recall and give them additional instructions, after they have retired to agree upon a verdict.

From the Hamilton Circuit Court.

*J. Stafford,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

HOWK, J.—An indictment, in two counts, was returned into the court below, against the appellant and one Samuel Cook.

The first count charged the appellant and said Cook with grand larceny, in stealing a bay horse of the value of eighty dollars, the personal property of one Elizabeth Dawson; and the second count charged them with having feloniously bought, received and concealed a bay horse, of the same value, and the property of the same person.

On arraignment, appellant's plea to said indictment was not guilty.

The cause was tried by a jury in the court below, and a verdict was returned, finding the appellant guilty of grand larceny as charged, and assessing his punishment at two years' imprisonment in the state-prison, a fine of twenty dollars, and disfranchisement, etc., for the term of three years.

The appellant's written motion for a new trial having been overruled, and his exception saved to such decision, judgment was rendered by the court below on the verdict.

In this court, the only alleged error of the court below, assigned by the appellant, is the overruling of his motion for a new trial.

In his motion for a new trial, the appellant assigned the following causes:

1. The verdict of the jury was contrary to law;

2. The verdict of the jury was contrary to the evidence;

3. The court below erred in permitting the appellee to prove by the appellant, on cross-examination, over the appellant's objection, that the appellant had theretofore been sent to the penitentiary for forgery;

4. The court below erred in excluding as evidence, in said cause, a bill of sale of the horse alleged to have been stolen, which bill of sale the appellant proved, by his own testimony, he had received from one Samuel Cook; and,

5. The court below erred in recalling the jury from their room, after they had retired to consider of their verdict, and after they had been instructed by the court, and in giving them additional instructions, in the absence of the appellant's counsel.

It appears from the bill of exceptions in the record, that the appellant was a witness on the trial in his own behalf. After he had testified in chief, the prosecuting attorney, on the cross-examination of the appellant, asked him the following questions:

"Have you not been convicted of stealing horses before, and sent to the penitentiary?"

To which question the appellant objected, because the same was irrelevant and immaterial in any event, and was not proper cross-examination; but the court below overruled the objection, and required the appellant to answer the question, and to this decision the appellant excepted.

This question was answered in the negative, and then the prosecuting attorney asked the appellant the following question:

"Have you not been convicted of some other crime, and sent to the penitentiary?"

And to this question the appellant objected, for the reason that the same was irrelevant, immaterial and improper in any event, and not proper cross-examination; which objection the court below overruled, and required

the appellant to answer the question; and the appellant excepted to this decision.

Appellant's answer to this question was, " Yes sir; for complicity in forgery."

It is very clear, we think, that the court below erred in each of these decisions.

The appellant, on the trial in the court below, had offered no evidence in support of his general good character, and therefore the State ought not to have been permitted to introduce evidence for the purpose of impeaching his good character as the defendant in the cause.

And, for the purpose of impeaching the appellant as a witness in the case, the evidence introduced was clearly incompetent, " for the reason that in a criminal cause a witness can not be impeached or sustained by proof of general moral character," and much less so by proof of an isolated act of good or bad conduct. *Fletcher* v. *The State*, 49 Ind. 124.

It is evident that the object of the evidence, sought for by the answers to the above recited questions, was to impeach the credit of the appellant as a witness before the jury trying the cause, not by proof of his bad character for truth, but by proof of his former conviction and punishment for another crime.

In our opinion, the evidence thus introduced was not relevant to the issues in this case, and was not competent for any purpose.

If, however, the fact of a former conviction was material, yet the evidence offered by the State to prove such conviction was clearly incompetent. " Where the question involves the fact of a previous conviction, it ought not to be asked; because there is higher and better evidence which ought to be offered." 1 Greenl. Ev., sec. 457. So that, in any view of the matter, it is a clear proposition, we think, that the court below erred in overruling the appellant's objections to the above recited questions, and in requiring the appellant to answer those questions.

It seems to us, also, that the court below erred in excluding from the jury the bill of sale to the appellant of the horse which he was charged with having stolen. The appellant proved the execution of the bill of sale by one Samuel Cook, and then offered it in evidence.

We think this evidence was competent as tending to sustain the appellant's defence; and it was for the jury to determine what weight, if any, the evidence was entitled to, under all the circumstances.

We think it was competent for the court below, in its discretion, to recall the jury from their room, if they requested it, and to give them additional instruction. The record fails to show that the appellant was prejudiced in any manner by the action of the court below in this regard, or by the absence of his counsel during such action.

For the reasons given, however, our conclusion is, that the court below erred in overruling the appellant's motion for a new trial of this cause.

The judgment of the court below is reversed, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings; and the clerk of this court will notify the warden of the proper prison to return the appellant to the custody of the sheriff of Hamilton county.