COMMONWEALTH *vs.* BARNEY F. GALLIGAN.
SAME *vs.* ANNIE E. GALLIGAN.
SAME *vs.* JAMES C. TABER.

Bristol.    October 27, 1891. — November 25, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Intoxicating Liquors — Common Nuisance — Illegal Sales — Misjoinder — Joinder of Counts — Evidence.*

The offence of keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, and that of making a single sale of such liquors, are of the same general nature, and may properly be charged in different counts in the same indictment; and when so charged, the government is not bound to elect on which count it will proceed to trial.

At the trial of a criminal case, a witness called by the defendant was asked upon cross-examination whether he was the same person who was convicted of larceny at a court and at a time named in the question, and replied in the affirmative. The defendant's counsel then asked the witness to state the facts and circumstances connected with the transaction, and the presiding judge refused to permit the witness to answer. *Held,* that the testimony was properly excluded.

THE FIRST CASE was an indictment in four counts, the first count on the Pub. Sts. c. 101, §§ 6, 7, for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal sale and illegal keeping of intoxicating liquors from May 1 to November 1, 1890; the second, third, and fourth counts were each for a single unlawful sale of such liquors within that period. The second and third cases were indictments in two and three counts respectively, the first count in each being similar to the first count in the first case, and the other counts in each being similar to the remaining counts in the first case. The cases

were tried in the Superior Court, before *Hammond,* J., who after
a verdict of guilty in each case, allowed exceptions in each,
which, so far as material to the points decided, appear in the
opinion.

*J. Brown,* for the defendants.

*A. E. Pillsbury,* Attorney General, for the Commonwealth.

BARKER, J.   1. In each of these indictments a count for keep-
ing and maintaining a common nuisance is joined with counts
charging single illegal sales of intoxicating liquor.   In the first
two cases the defendants, before the jury were impanelled, asked
the court to rule that there was a misjoinder of counts, that the
counts for single sales could not be joined with the first count,
and that the four counts could not be tried together.   After the
evidence was closed, the defendant renewed his objections, and
asked the court to rule that, even if the evidence was sufficient
to prove all of the counts, the Commonwealth could not have
a verdict on them all, but only on the first count, or on the
other counts for the single sales.   In the last case, the defendant
requested the court to rule that the Commonwealth must elect
on what count or counts it would proceed to trial, contending that
the keeping of a common nuisance and the making of single
illegal sales of liquor were not similar offences, nor of the same
general nature, and could not be joined in the same indictment.
Neither indictment contained an averment that the different
counts were different descriptions of the same act.

It is well settled in this Commonwealth that counts for dis-
tinct substantive offences may be joined in one indictment, when
the offences charged are of the same general nature, and the
mode of trial and the nature of the punishment are the same.
*Carlton* v. *Commonwealth,* 5 Met. 532, 534.   *Commonwealth* v.
*Jacobs,* 152 Mass. 276, 281.

The keeping of such a nuisance as was here charged, and the
making of illegal sales of intoxicating liquor, are in a fair sense
of the same general nature, are tried in the same mode, and are
punishable in the same way.   It is not the specific, but the gen-
eral nature of the offences charged, which determines whether
they may be included in one indictment.   The fact that upon
the counts charging the keeping of the nuisance it is essential
for the prosecution to prove that the defendant kept a build-

ing, place, or tenement resorted to or used for the illegal sale or illegal keeping of intoxicating liquors, while upon the counts for single sales no such proof is necessary, does not alter the general nature of the offence charged, which in every count may fairly be said to be an offence against the laws regulating the general subject of transactions in intoxicating liquors. Counts for breaking and entering, and for receiving stolen goods, are commonly joined in one indictment, but in such cases one essential element of the greater offence is that of an illegal act done with reference to a certain building, as in the charge of nuisance in the cases at bar, while that element is immaterial as to the other offence. The counts, therefore, were properly joined. It follows that the court was not bound to require the Commonwealth to elect on what count or counts it would proceed to trial.

2. In each of the first two cases a witness called by the defendant was asked by the district attorney, upon cross-examination, whether he was the same person who was convicted of larceny in a court, and at a time named in the question, and he replied in the affirmative. The defendant's counsel then asked the witness to state the facts and circumstances connected with the transaction, and the court refused to permit the witness to answer. The defendant excepted, and the government then put in the record of the conviction. It is not necessary to consider whether, if the government had not proposed to show the record of the conviction, parol evidence might have been introduced to show the degree of the offence. The question excluded would have allowed the witness to state, not only the degree of the offence, but matters tending to contradict the record and to show that he had not committed the offence. Such testimony is inadmissible to rebut evidence that a witness has been convicted of crime, and was properly excluded. *Commonwealth* v. *Gallagher*, 126 Mass. 54. *Gertz* v. *Fitchburg Railroad*, 137 Mass. 77, 80.

The exception of the defendant Taber to the refusal of the court to rule that, upon the evidence, the jury would not be warranted in finding the defendant guilty, was not argued.

*Exceptions overruled.*