### COMMONWEALTH *vs.* LIZZIE SULLIVAN.

Middlesex.    January 29, 1894. — March 5, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Evidence — Exceptions.*

The conviction of a witness of a crime cannot be shown to affect his credibility under Pub. Sts. c. 169, § 19, without producing the record thereof.

If the bill of exceptions in a criminal case recites that the judge instructed the jury, among other things, that they might take into consideration the fact whether the defendant had opportunity to commit the crime, "and gave full instructions on all other points of the case," the defendant shows no ground of exception to the refusal of the judge, at the close of the charge, to further instruct the jury that, if any one else had opportunity to commit the crime, that fact should be considered by the jury in the defendant's favor.

INDICTMENT for the larceny, on March 30, 1893, of a watch and ring from one Thomas Dunn.

At the trial in the Superior Court, before *Braley*, J., one Ellen Sullivan, a witness for the government, was asked on cross-examination, "Were you ever in jail in Essex County?" The judge refused to allow the question to be answered, unless the record of a conviction of the witness should be produced. The defendant's counsel replied that he had no such record to produce. The question was thereupon excluded; and the defendant excepted.

It appeared in evidence that the crime for which the defendant was indicted was committed on the night of March 3, 1893; that the defendant was with Dunn in a house in Lowell, and sat upon his lap; that then Dunn left the house in the company of one or two persons; and that Dunn at the time was drunk, and was left, according to the testimony of one witness called by the government, with the ring upon his finger in a bar-room, and afterwards the defendant never saw him.

The judge, in charging the jury, among other things, made use of this expression, that the jury might take into consideration the fact whether the defendant had opportunity to commit said crime, and gave full instructions on all other points of the case.

At the close of the judge's charge, the defendant's counsel asked that the further instruction be given to the jury, that, if any one else had opportunity to commit said crime, that fact should be considered by the jury in her favor. The judge refused so to rule; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*P. A. Fay*, for the defendant.

*F. N. Wier*, District Attorney, for the Commonwealth.

FIELD, C. J. The first exception was not argued by the counsel for the defendant. The ruling excepted to was clearly correct. *Commonwealth* v. *Quin*, 5 Gray, 478.

The exceptions recite as follows: " The judge in charging the jury, among other things, made use of this expression, that the jury might take into consideration the fact whether this defendant had opportunity to commit said crime, and gave full instructions on all other points of the case. At the close of the judge's charge, the defendant's counsel asked that the further instruction be given to the jury that, if any one else had opportunity to commit said crime, that fact should be considered by the jury in her favor. The judge refused so to rule," etc. For aught that appears, full and appropriate instructions already had been given on this subject, and the presiding justice may have thought that the request was made for the purpose of having him put special emphasis upon this feature of the case at the close of the charge.          *Exceptions overruled.*