### JAMES vs UNITED STATES.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 607).

1. *Indictment—Variation in Names.*

Under the common law the variance between a charge that defendant stole "S. K. Canady's" horse and proof that he stole a horse belonging to "Steve Kennedy" would be fatal. However under Carter's Ind. Ter. Ann. St. 1899 § 1454 it is immaterial providing the identity of the person named in the indictment and the owner of the horse is sufficiently shown.

2. *Witnesses—Evidence.*

Accused could not show upon cross-examination that a witness had been convicted of perjury in another state to prove his incompetency. The record of such conviction is best evidence.

Error to the United States Court for the Central District of the Indian Territory; before Justice W. H. H. Clayton, March 14, 1906.

Charley James was convicted of larceny of a horse, and he brings error. Affirmed.

*W. M. Cravens* and *J. E. Whitehead,* for plaintiff in error.

*T. B. Latham,* U. S. Atty.

LAWRENCE, J. Plaintiff, jointly with one McDaniel, was indicted for larceny of a horse. They were tried separately and plaintiff was found guilty, and sentenced to two years in the United States penitentiary at Ft. Leavenworth, Kan. He assigns nine grounds of error committed by the District Court in the trial of the cause. The first error by the court was the overruling of plaintiff in error's objection to the testimony of witness Steve Kennedy and other witnesses on part of government, because the full name of the owner of the horse alleged to have been stolen did not appear in the indictment but the name appearing by the initials S. K. Canady, which was an insufficient statement of the name of the supposed owner. The second assignment of error was the overruling of plaintiff in error's motion to have stricken out all testimony offered by the government tending to show that the horse was stolen from "Steve Kennedy," the indictment alleging that the horse was stolen from "S. K. Canady." The third assignment of error was the refusal by the court to sustain the motion of plaintiff in error to instruct the jury to return a verdict of not guilty, because of the variance of the proof and the allegations of the indictment as to the ownership of the horse alleged to have been stolen. The fourth error assigned is the court's instruction to the jury to disregard the discrepancy in the name of the alleged injured party, in that it was immaterial whether his name was "Steve Kennedy" or "S. K. Canady." The fifth error assigned is the refusal of the court to permit the plaintiff in error to show that the horse belonged to Steve Kennedy, and that said Steve Kennedy was not known or recognized in the community where he

lived under any other name than Steve Kennedy; that he had never been known or called S. K. Canady. The sixth error assigned was the refusal of the court to allow certain witnesses offered by plaintiff in error to show the whereabouts of McDaniel, jointly indicted with plaintiff in error, and to further testify what said McDaniel stated in regard to where he got the chains and the horse in question. The seventh assignment of error was the refusal of the court to allow the plaintiff in error to question the witness for the government, Pat Combs, touching his qualification as a witness; and to show by said witness that he had been convicted of the crime of perjury in a court of Arkansas. The eighth assignment of error is upon the ground that the verdict is not supported by the evidence nor by the law. The ninth error assigned is the action of the court in denying plaintiff in error's motion for a new trial, and in rendering judgment on the verdict.

The court instructed the jury that "the prisoner is charged with stealing a horse, the property of a man by name of S. K. Canady. The proof in the case shows his name to be 'Steve Kennedy' and not 'S. K. Canady.' The statute in force in this territory makes the fact that there is a mistake in the name of the party from whom the property is stolen immaterial; but, before you can convict the prisoner, it must appear that Steve Kennedy was the owner of the horse, and that it was stolen from him. If you believe from the evidence that Steve Kennedy was the owner of the horse, and it was stolen from him, although the indictment alleges it was 'S. K. Canady,' you will convict him, provided you believe, beyond a reasonable doubt, that he, by himself or in collusion with E. Mc-Daniel, stole the horse." The court at length gave full and clear additional instructions to the jury, of which no complaint is made by plaintiff in error, and are therefore not necessary to be considered by us. The record presents ample ground justifying the verdict of the jury and the judgment

of the court thereon, unless the court committed prejudicial error in refusing to exclude evidence or in overruling objections of plaintiff to evidence or instructing the jury as to the effect of variance between the allegation of the indictment and the proof as to the name of the owner of property stolen.

The assignments of errors from 1 to 5, inclusive, may be considered together. While under the strict rule of the common law the variance of names as they appear in this case would be fatal, yet this is cured by the following statutory provision: "Where an offense involves the commission, or an attempt to commit an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material." Section 1454, Carter's Ind. Ter. Ann. St. 1899; State vs Seely, 30 Ark. 162; State vs Jourdan, 32 Ark. 203. It is manifest that the purpose of the statute is to abrogate that rule, and to make the more rational one that it is immaterial what might be the name of the owner of the property, provided the evidence should show to the satisfaction of the jury that the person named in the indictment was identical with the person who owned the horse stolen. Upon this ground the court made all the rulings and gave the instructions to the jury upon this particular matter, and they were not erroneous, but in conformity to the rule of law in this jurisdiction upon this subject.

It is clearly not error upon part of the court to refuse the proof offered by plaintiff in error to show the statement of his co-defendant as to where he, the codefendant, got the chains with which the horse was hobbled at the time he was stolen, and where he got the horse. It was hearsay and of the nature of selfserving, if they were acting together in the commission of the crime, and was incompetent from any point of view.

The complaint that plaintiff in error was not allowed to show upon cross-examination of the witness Pat Combs, that he, Combs, had been convicted of the crime of perjury in the courts of Arkansas, for the purpose of showing his incompetency as a witness, is without merit. It is not competent, the record of the conviction being the best evidence.

The eighth and ninth grounds for error are general, and are embraced in the errors complained of in the preceding errors.

Judgment is affirmed, and the marshal is ordered to proceed to execute the judgment of the Trial Court by conveying the plaintiff in error, without delay, to the United States Penitentiary at Ft. Leavenworth, Kan., where he shall be confined for the term of two years from this date.

GILL, C. J., and TOWNSEND, J., concur.