## COMMONWEALTH *vs.* PETER J. WALSH.

Worcester.    October 2, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Witness*, Cross-examination, Impeachment.    *Evidence*, Of conviction of crime, Best and secondary.

Although by R. L. c. 175, § 21, the conviction of a witness of a crime may be shown to affect his credibility, and although this applies to the defendant in a criminal case who testifies in his own behalf under § 20, cl. 3, of the same chapter, such a conviction can be shown only by the production of the record and cannot be shown by an oral cross-examination of the defendant.

On the trial of a complaint for the illegal sale of intoxicating liquors, where the defendant appears as a witness in his own behalf, he cannot be compelled on his cross-examination to answer the question whether he ever has been convicted of illegally keeping intoxicating liquors for sale, as this can be shown only by the production of the record.

RUGG, J.    The defendant was tried upon a complaint for the illegal selling of intoxicating liquors.    He offered himself as a witness in his own defence, and in cross-examination was asked, " Have you ever been convicted of illegally keeping intoxicating liquor for sale ? "    The defendant was compelled to answer the question, and replied in the affirmative.    His exception to this ruling brings the case here.

In *Commonwealth* v. *Quin*, 5 Gray, 478, and *Commonwealth* v. *Sullivan*, 161 Mass. 59, questions were asked of witnesses other than the defendant, which were treated as an attempt to prove a conviction of crime, on cross-examination and without the production of the record, for the purpose of affecting their credibility. It was said in the first case that the question was improperly put to the witness, for the reason that it " involved the fact of a previous conviction, which could only be proved by record, " and this decision was followed in the second case.    The same practice apparently has been assumed to apply as well to a party offering himself as a witness in his own behalf as to other witnesses in *Commonwealth* v. *Green*, 17 Mass. 515, 537, *Gertz* v. *Fitchburg Railroad*, 137 Mass. 77, *Commonwealth* v. *Ford*, 146 Mass. 131, *Lamoureux* v. *New York, New Haven, & Hartford Railroad*, 169 Mass. 338, and *Commonwealth* v. *Quigley*, 170

Mass. 14. This .was early held to be the law in England. *Rex* v. *Castell Careinion*, 8 East, 77. It has been argued in behalf of the Commonwealth that the rule should not be applied to parties, but should be confined to witnesses not parties. No such distinction can be drawn from the language of the statute. R. L. c. 175, §§ 20 and 21. It is clear that the defendant in a criminal case is comprehended by the descriptive words used in both sections.

It next is urged that these decisions should be overruled and the rule established permitting proof of such conviction by a cross-examination of the witness. *State* v. *Knowles*, 98 Maine, 429, *McGovern* v. *Hayes*, 75 Vt. 104, *McLaughlin* v. *Mencke*, 80 Md. 83, *Clemens* v. *Conrad*, 19 Mich. 170, and *State* v. *Babcock*, 25 R. I. 224, are cited as authorities in support of this contention. The Massachusetts rule is supported by *Hall* v. *Brown*, 30 Conn. 551, *Kirschner* v. *State*, 9 Wis. 140, and *Newcomb* v. *Griswold*, 24 N. Y. 298. We see no sufficient reason for overruling *Commonwealth* v. *Quin*, *ubi supra*. It has been an established rule of practice in this Commonwealth for many years, and has its foundation in the common law of England. While the doctrine of *stare decisis* does not prevent reexamination and correction of principles previously declared we have no question that the practice prevailing in this jurisdiction has been correctly expounded in the cases we now are asked to overrule. It is the province of the court to declare the law, and not to legislate. It is generally though not universally true, that, wherever such cross-examination is permitted, it is by virtue of a statute. See 2 Wigmore Ev. § 1270, note 5.

*Exceptions sustained.*

*J. F. McGrath*, for the defendant, was not called upon.

*E. I. Morgan*, (*G. S. Taft*, District Attorney, with him,) for the Commonwealth.