COMMONWEALTH vs. ANTHONY D. DANTON.

Middlesex.   December 6, 1922. — January 9, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Competency, Relevancy and materiality.  *Witness,* Credibility.

The conviction of a witness of a crime can be shown to affect his credibility only by the record of his conviction.

At the trial of an indictment for larceny, evidence, other than the record of a conviction introduced under G. L. c. 233, § 21, is not admissible to show that the defendant has committed other crimes wholly disconnected with the offence for which he is on trial.

At the trial of an indictment for larceny the record of a district court showing that the defendant had been found guilty of a criminal charge cannot be used to contradict the defendant and is not admissible for that purpose where it appears that he appealed from that finding and the case was nolprossed in the Superior Court.

INDICTMENT, found and returned on June 11, 1920, charging the defendant with the larceny of fifty rugs of the value of more than $100, the property of Henry O. Marcy.

In the Superior Court, the indictment was tried before *J. F. Brown,* J.  Material evidence and exceptions saved by the defendant are described in the opinion.  The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*J. F. Hurley,* for the defendant.

*E. P. Saltonstall,* District Attorney, *& L. Saltonstall,* Assistant District Attorney, for the Commonwealth.

CARROLL, J.   The defendant was found guilty of the larceny of fifty rugs, the property of Henry O. Marcy.   At the trial the Commonwealth, against the defendant's exception, offered in evidence a small bottle and a label taken from it, upon which was written, "November 2, 1919, 12 tabs. F. L. P.   One after each meal dissolved in water, Dr. Danton."   The label was in the handwriting of the defendant.   He testified that he was not registered to practise medicine in this Commonwealth, that he did not "write a prescription, that this was medicine which he gave to a friend."   He was further cross-examined by the Com-

monwealth, subject to his exception, to show that he was practising medicine in this Commonwealth without being registered. He testified that when on trial in the district court for the illegal practice of medicine, that he was acquitted of the charge. The Commonwealth also introduced in evidence the record of the defendant's conviction in the district court of having narcotics in his possession. The defendant appealed from this judgment and in the Superior Court the case was nolprossed. On cross-examination the defendant testified that he had been acquitted of this charge in the district court. The judge allowed the record of the district court to be used to contradict the defendant. The defendant's name was Anthony DeVell Danton. Subject to the defendant's exception the Commonwealth was permitted to show that in 1920 he was licensed to operate an automobile under the name of Anthony DeVell.

The evidence tending to show that the defendant was practising medicine without a license, that he was charged with the illegal sale of narcotics and was licensed to operate an automobile under the name of DeVell, was inadmissible. The defendant was on trial for the crime of larceny. He was entitled to be fairly tried on that charge, and he should not have been prejudiced before the jury by the attempt to show that he was guilty of other crimes wholly disconnected from the offence for which he was on trial. The crime of selling narcotics and illegally practising medicine, and the fact that he had an operator's license without giving his correct name, were not in any way connected with larceny and had no tendency to show that he was guilty of that crime. While there are well known exceptions to the rule excluding evidence of other and distinct crimes as in cases where the guilty knowledge of the defendant is material, or the independent crimes are a part of the same scheme or plan of fraud, none of the offences with which the defendant was charged came within any of the exceptions to the general rule. *Commonwealth* v. *Wilson*, 2 Cush. 590. *Commonwealth* v. *Jackson*, 132 Mass. 16. *Commonwealth* v. *Homer*, 235 Mass. 526, 535, 536. *Attorney General* v. *Pelletier*, 240 Mass. 264, 310, 311, and cases there collected.

The defendant's testimony that he was found not guilty in the district court of the charge of practising medicine without

a license was admitted erroneously. The conviction of a witness of a crime can be shown to affect his credibility only by the record of his conviction. *Commonwealth* v. *Walsh*, 196 Mass. 369. The defendant could not be asked by the Commonwealth against his exception, concerning the proceedings in the district court, when he was on trial for this offence. *Commonwealth* v. *Walsh*, *supra.* The record of the district court showing that the defendant had been found guilty of having narcotics in his possession, from which decision he appealed, was not admissible to affect the defendant's credibility, as it appeared that the case was subsequently nolprossed in the Superior Court. It was not a conviction of the defendant. See *Commonwealth* v. *Walsh*, *supra; Commonwealth* v. *Gorham*, 99 Mass. 420. It could not be used to contradict him and was inadmissible for this purpose.

There was no error in excluding the question asked of the police officer, whether he sought to have the defendant placed under bail in the sum of $10,000 when arraigned on the charge of larceny, nor in excluding the evidence of the owner of the rugs that he had not accused the defendant of "stealing the rugs."

*Exceptions sustained.*