Rescript Opinions.

PAUL L. FORD *vs* JOSEPH KREMER. January 3, 1972. The jury returned a verdict for the defendant in the plaintiff's tort action for personal injuries sustained on October 6, 1962, when struck by the defendant's motor vehicle. The plaintiff alleges error as to certain evidentiary rulings. The first error alleged concerns the admissibility of the following evidence. A witness, whose testimony appears to be the mainstay of the plaintiff's claim on liability, admitted without objection that he had been found guilty on May 10, 1965, of drunkenness. The questioning continued over the plaintiff's objection as follows: Q. "On the night of this arrest, you were in the company of Mr. Ford [the plaintiff], weren't you?" A. "Yes, sir." Q. "You were in the company of Mr. Ford when this arrest was made, weren't you?" A. "Yes, sir." A prior question put to the witness, which was excluded, attempted to extract from the witness the admission that he was also arrested for drunkenness at the same time Ford was arrested. In the circumstances, the questions and answers objected to could properly have been excluded. We cannot say, however, that their admission constituted abuse of discretion. The defendant was attempting to show a relationship between the witness and the plaintiff which could have colored the witness's testimony on behalf of the plaintiff. See *Commonwealth* v. *Binkiewicz*, 342 Mass. 740, 755. Evidence otherwise inadmissible may be admitted to show bias. *Dempsey* v. *Goldstein Bros. Amusement Co.* 231 Mass. 461, 464. The second alleged error concerns the admissibility of questions put to the defendant concerning certain convictions. The judge, upon objection, correctly ruled that the evidence sought was inadmissible. The record does not indicate that the plaintiff introduced the records of the convictions. The convictions cannot be proved by oral cross-examination. There was no error. *Commonwealth* v. *Walsh*, 196 Mass. 369, 370. *Commonwealth* v. *Connolly*, 356 Mass. 617, 627.

*Exceptions overruled.*

*Edward M. Sullivan*, for the plaintiff, submitted a brief.
*John B. Killilea* for the defendant.